UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-02743-MWF (VBKx)**   Date: **July 24, 2012**

Title:   Anthony Smith, et al. -v- U.S. Bank, et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

None Present   None Present

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [18]

    Defendant U.S. Bank National Association ND ("U.S. Bank," erroneously sued as other related entities) has filed this Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion"). (Docket No. 18). The Court has read and considered the papers filed on this Motion and held a hearing on July 23, 2012. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

    On March 29, 2012, U.S. Bank removed this action to this Court. (Docket No. 1). On April 5, 2012, U.S. Bank filed a motion to dismiss Plaintiffs Anthony and Judi Smith's Complaint. (Docket No. 4). After a hearing on May 14, 2012, the Court granted U.S. Bank's motion to dismiss on the same date (the "May 14 Order"). (Docket Nos. 14, 15). The Smiths' First Amended Complaint (the "FAC") was filed on June 7, 2012, three days late. (Docket No. 17). The Court expects the parties to adhere strictly to all Local Rules, the Federal Rules of Civil Procedure and orders of this Court. U.S. Bank filed this Motion on June 21, 2012.

    In ruling on the Motion, the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court accepts as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-02743-MWF (VBKx)**                             Date:  **July 24, 2012**

Title:      Anthony Smith, et al. -v- U.S. Bank, et al.

---

true all material, factual allegations in the Complaint, as well as all reasonable inferences to be drawn therein. Additionally, the Court GRANTS U.S. Bank's Request for Judicial Notice. (Docket No. 18-2).

The Complaint alleges the following: the Smiths obtained a mortgage loan in or around December 2007, which was memorialized in a Note and secured by a Deed of Trust; the Smiths defaulted on this loan; and, the subject property thereafter was sold in or around December 2011. Essentially, the Smiths allege that in or around December 2010 they disputed that they were in default and requested certain information from U.S. Bank, including a "detailed history as to the payments made and those claimed owed, if any," in an attempt to "correct" their account; U.S. Bank did not respond. (*See, e.g.*, FAC ¶¶ 12, 18). The FAC includes claims for relief for breach of contract and the covenant of good faith and fair dealing and for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

As discussed in the Court's May 14 Order, under California law a claim for breach of contract requires a plaintiff to plead (1) a contract, (2) the plaintiff's performance or excused non-performance, (3) defendant's breach of the contract, and (4) resulting damage. *See, e.g., McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489, 49 Cal. Rptr. 3d 227 (2006) (discussing elements required to sufficiently plead a breach of contract under California law). "A written contract may be pleaded either by its terms – set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference – or by its legal effect." *Id*. To plead the existence of a contract by its legal effect, a plaintiff must allege the contents of the applicable contract terms. *Id.*; *see also Valdez v. JPMorgan Chase Bank, N.A.*, No. EDCV 11-0935 DOC (DTBx), 2012 WL 995278, at *6 (C.D. Cal. Mar. 20, 2012) ("In order to plead a contract's legal effect, a party must allege the substance of its relevant terms. This legal effect approach is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." (citations and internal quotation marks omitted)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-02743-MWF (VBKx)**                               Date:  **July 24, 2012**

Title:       Anthony Smith, et al. -v- U.S. Bank, et al.

---

The FAC seems to imply that the Note and Deed of Trust constitute the "written contract" that U.S. Bank has breached. (FAC ¶ 8). However, the Smiths do not attach a copy of either instrument and do not set them out verbatim or allege the substance of the relevant terms therein. Nor do the Smiths specify which provisions therein U.S. Bank allegedly has breached. As a result, the Motion is GRANTED with respect to the Smith's claim for breach of contract. At this point, amendment appears futile.

Likewise, the Motion is GRANTED as to the Smiths' claim for breach of the covenant of good faith and fair dealing. Again, as the Court noted in its May 14 Order, "[t]he implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031, 14 Cal. Rptr. 2d 335 (1992) (explaining that the covenant of good faith and fair dealing is read into an existing contract to protect its contractual purpose). The FAC does not adequately allege the existence of a contract or contractual provision whose purpose was not carried out as a result of U.S. Bank's alleged conduct. Amendment of this claim also appears futile.

However, the Court sees the Smith's RESPA claim differently. The FAC remedies the Court's concerns as detailed in the May 14 Order, and the Smiths correctly point out that U.S. Bank appears to address only the allegations from the original Complaint. For example, the Smiths allege on information and belief that U.S. Bank is the servicer of the relevant loan, and based on the allegations in the FAC the Court reasonably can infer as much. (FAC ¶ 7).

More importantly, the FAC alleges that the Smiths "requested a detailed history of what payments [U.S. Bank] claimed were owed, and what payments were applied to the account, so that [the Smiths] could provide proof of payment(s) (if necessary) and the property could be removed from default and foreclosure status." The Smiths "disputed that they owed arrears in the approximate amount of $40,000.00 as of November 2010," and "requested that their account be corrected." (*Id.* ¶ 18); *see, e.g.*, *Lindsey v. Meridias Capital, Inc.*, Civil No. 11-00653 JMS/KSC, 2012 WL 488282, at *5 (D. Haw. Feb. 14, 2012) (finding that "a

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-02743-MWF (VBKx)**                    Date:  **July 24, 2012**

Title:      Anthony Smith, et al. -*v*- U.S. Bank, et al.

---

payment history for the loan" constituted the proper subject of a RESPA inquiry and response).

Furthermore, the FAC alleges a number of damages caused by U.S. Bank's alleged violation of RESPA, including most significantly the loss of the subject property as a result of U.S. Bank's failure to respond to the Smiths' request and the Smith's alleged inability thereafter to demonstrate that they were not in default on the relevant loan.  As a result, the Motion is DENIED with respect to the Smiths' RESPA claim.

Accordingly, the Motion (Docket No. 18) is GRANTED IN PART and DENIED IN PART.  Consistent with this order, the Smiths may file a Second Amended Complaint no later than **14 calendar days** from the date of this order or may stand on the FAC.  At the hearing, counsel for the Smiths anticipated that his clients would stand on the FAC.  If the Smiths make that decision, the Court requests that they notify the courtroom deputy and opposing counsel.

IT IS SO ORDERED.